FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 FEB 22  AM 9: 49

U.S. DISTRICT COURT
N.D. OF ALABAMA

DEBORAH B. MONTGOMERY,          }
                                }
      Plaintiff,                }
                                }         CIVIL ACTION NO.
v.                              }
                                }         98-AR-2100-S
CITY OF BIRMINGHAM; *et al.*,   }
                                }
      Defendants.               }

ENTERED

FEB 22 2000

## MEMORANDUM OPINION

After this court granted summary judgment on January 20, 2000, in favor of defendants, City of Birmingham, William M. Pate, Jr. and Demetrius C. Newton, they, as prevailing parties, filed a petition for the award of attorneys fees against plaintiff, Deborah B. Montgomery. Defendants' petition is opposed by plaintiff and was orally argued on February 18, 2000, along with plaintiff's alternative request for discovery.

Despite the fact that the opinion which accompanied the grant of summary judgment found little, if any, merit to plaintiff's various claims, the court did not go so far as to describe plaintiff's action as frivolous or that it was pursued in bad faith.  Also, despite the fact that Section 704(k) of Title VII provides that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee" (conspicuously without distinguishing between plaintiff and defendant), the Supreme Court has made it clear that prevailing **plaintiffs** are different from prevailing **defendants** for the purposes of this



statutory provision.  *Christiansburg Garment Co. v. EEOC*, 434 U.S.
412 (1978), is the seminal case on the subject.  In it the Supreme
Court declared

> First, ... the plaintiff is the chosen instrument of Congress
> to vindicate "a policy that Congress considered of the highest
> priority."  Second, when a district court awards counsel fees
> to a prevailing plaintiff, it is awarding them against a
> violator of federal law.  As the Court of Appeals clearly
> perceived, "these policy considerations which support the
> award of fees to a prevailing plaintiff are not present in the
> case of a prevailing defendant."

434 U.S. at 418-19 (citations omitted).

The Supreme Court then held that a trial court "may in its
discretion award attorney's fees to a prevailing defendant in a
Title VII case upon the finding that the plaintiff's action was
frivolous, unreasonable, or without foundation, even though not
brought in subjective bad faith."  *Id*. at 421.

In the instant case even if this court should find that
plaintiff's action was without foundation in fact or law and
imposed unnecessary legal expense on defendants, the undisputed
penuriousness of plaintiff is a factor militating against the award
of attorneys' fees to defendants, especially in the amount of the
$50,000.00 being sought, reasonable though that amount may be.  *See*
*Alizadeh v. Safe Way Stores, Inc.*, 910 F.2d 234, 239 (5th Cir.
1990).

The fixing of an attorney's fee can take as much time as the
disposition of the case.  *See American Civil Liberties Union of*
*Georgia v. Barnes,* 168 F.3d 423 (11th Cir. 1999), for what the
court saved itself and the parties by denying defendants' request

for attorneys fees.

For the foregoing reasons, and in an exercise of the discretion granted by Section 705(k) of Title VII and 42 U.S.C.§ 1988, defendants' petition for attorneys' fees will be denied by separate order.

DONE this _22nd_ day of February, 2000.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE